UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 08-3116 JJO

UNITED STATES OF AMERICA

vs.

EDWIGE PIERRE,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

                Respectfully submitted,

                R. ALEXANDER ACOSTA
                UNITED STATES ATTORNEY

BY: _____
      Jayme A. Raich
      ASSISTANT UNITED STATES ATTORNEY
      Florida Bar No. 0040111
      99 N. E. 4th Street
      Miami, Florida 33132-2111
      TEL (305) 961-9124
      FAX (305) 536-4699

# United States District Court

__SOUTHERN__ DISTRICT OF __FLORIDA__

UNITED STATES OF AMERICA

V.

EDWIGE PIERRE

## CRIMINAL COMPLAINT

CASE NUMBER: 08-3116 JJO

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. From in or around early August of 2008, and continuing through on or about August 25, 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, EDWIGE PIERRE, using a facility and means of interstate commerce, that is, cellular telephones, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in prostitution, in violation of Title 18, United States Code, Section 2422(b).

I further state that I am a Special Agent and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

ALVIN M. WINSTON, SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Sworn to before me, and subscribed in my presence,

__August 26, 2008__ at  Miami, Florida
Date                     City and State

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer      Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Alvin M. Winston, being duly sworn, depose and say:

1. I am currently employed as a Special Agent with the Federal Bureau of Investigation (FBI), Miami, Florida, and have been employed as such for the past two years. Before being employed by the FBI, I worked as a homicide detective with the City of Atlanta Police Department and chief investigator with the Fulton County District Attorney's Office. My employment with the FBI has vested me with the authority to investigate violations of federal laws, including enticing a minor to engage in prostitution, in violation of Title 18, United States Code, Section 2422 (b).

2. The facts of this affidavit are based upon my personal knowledge, as well as knowledge, information, and documentation obtained from other law enforcement officers while in my official capacity. Because this affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint against EDWIGE PIERRE (a/k/a "BUNNAN", date of birth - November 14, 1984), it does not include every fact known to me in connection with this investigation.

3. On August 25, 2008, while investigating a Crime Stoppers tip regarding underage prostitution at the Biscayne Inn, Miami-Dade Police Detectives conducted surveillance on room 108. During the surveillance, detectives observed whom they believed to be an underage female engaged in conversation with an unidentified male in the doorway of the room. It was at this time that detectives went to the room, knocked on the door, and made contact with PIERRE. Present in the room with PIERRE were two minor females (hereinafter "Q.L." date of birth - March 29, 1992, and "F.G." date of birth - June 21, 1992). PIERRE and "F.G." are the parents of a small child.

4. After separating "Q.L.," from "F.G.," and PIERRE, "Q.L." stated that she was staying with her friends, and was planning to go home later in the day. She went further to state that her parents knew where she was, and she talked to her mother yesterday. When "Q.L." was asked why she was staying at the

Biscayne Inn, she stated that she was prostituting, but she was doing it for herself. "Q.L." also stated that her earnings were given to PIERRE to hold. After detectives confronted "Q.L." regarding the veracity of her story, she stated that she had been prostituting and giving all the proceeds to PIERRE. It was at this time that "Q.L.," "F.G.," and PIERRE were transported to the Miami-Dade Police Headquarters.

4. While at the Miami-Dade Police Headquarters, law enforcement officials interviewed "Q.L." who, among other items of information, stated the following:

a. "Q.L.," and "F.G." went to elementary school together, and have known one another for several years. Approximately one year ago, "Q.L." received a telephone call from "F.G." who asked "Q.L." if she wanted to, "Make some money." "Q.L." responded by saying , "Yeah," at which time it was agreed that PIERRE would pick her up, and take her to the City Inn Hotel, located in Miami. Upon her arrival, "F.G." styled her hair, and gave her some clothing. "Q.L." then went to the "track" (located on NW 79th), engaged in vaginal sexual intercourse with four dates, and then gave the proceeds to PIERRE. According to "Q.L.," PIERRE thought she was 17 years-old, however, "Q.L.'s" actual age was 15 years-old.

b. On August 25, 2008, "Q.L." received a telephone call from "F.G." During this conversation, "F.G." asked "Q.L." if she wanted to work for her as a prostitute. "F.G." went further to state that she needed money to pay her phone bill, her mother's phone bill, and money to get her hair done. It was then agreed that "F.G." and PIERRE would meet "Q.L." at the Northside Metro Rail Station. After meeting "F.G." and PIERRE, the three of them got onto a bus, and traveled to 79th street. Upon exiting the bus, "Q.L." walked down the "track," and got a date, while "F.G." and PIERRE were sitting at the bus stop watching. After having vaginal sexual intercourse with the "John" for "$51.00, "Q.L." gave the proceeds to "PIERRE. Before leaving the area, "Q.L.," "F.G.," and PIERRE made contact with a female named "Traci," later identified as Traci Rea. The four of them then took a taxi cab from NW 79th to the Biscayne Inn, located at 6730 Biscayne Boulevard.

c. Upon their arrival, "Traci" registered the room in her name. While in the room, "Q.L." was instructed by PIERRE to charge $60.00 for "Everything." After this discussion, "Q.L." and PIERRE went to the "track," located on Biscayne Boulevard. According to "Q.L.," PIERRE walked behind her so that no one would think they were together, and for protection. Once "Q.L." got a date, she would then call PIERRE on the cellular phone, inform him that she was on a date, and then tell him the amount charged. At the end of each date, "Q.L." gave all the proceeds to PIERRE.

5. At the time of the arrest, PIERRE and "F.G." shared a cellular telephone together, and "Q.L." had her own cellular phone. Law enforcement officials currently have custody of both cellular telephones.

6. Based on my training and experience, and as further supported by the facts in this affidavit, your Affiant respectfully submits that there is probable cause to believe that EDWIGE PIERRE, using a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in prostitution, in violation of Title 18, United States Code, Section 2422(b).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Special Agent Alvin M. Winston
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before
me this 26 day of August 2008

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA